**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CATHLEEN CARRANO,<br><br>Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

CATHLEEN CARRANO (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against CONVERGENT OUTSOURCING, INC. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

COMPLAINT
No::

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Our File No.: 109537

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Washington.

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant resides in this Judicial District and/or because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

5. At all relevant times, Defendant conducted business within the State of Washington.

## PARTIES

6. Plaintiff is an individual who is a citizen of the State of New York.

7. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

8. On information and belief, Defendant's principal place of business is located in Renton, Washington.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

13. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("<u>Exhibit 1</u>.")

COMPLAINT
No::

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Our File No.: 109537

15. Defendant's written correspondence to Plaintiff was a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. One such requirement is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

20. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

21. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

22. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

23. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

24. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

25. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

26. Defendant's letter states, "Creditor: Optimum."

27. Upon information and belief, there is no legal entity "Optimum."

3

COMPLAINT
No::

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Our File No.: 109537

28. Defendant's letter fails to identify any "current creditor," "original creditor," or "creditor to whom the debt is owed."

29. "Optimum," even if meant as the creditor to whom the debt is owed (which is not stated in the letter) can mean "Optimum Online," "Optimum Voice," "Optimum Lightpath," "iO Digital Cable," and many other entities.

30. The least sophisticated consumer would likely be confused as to whether "Optimum Online," "Optimum Voice," "Optimum Lightpath," "iO Digital Cable," etc., is the creditor to whom the debt is owed.

31. The least sophisticated consumer would likely be unsure as to whether "Optimum Online," "Optimum Voice," "Optimum Lightpath," "iO Digital Cable," etc., is the creditor to whom the debt is owed.

32. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

33. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

34. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

35. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

36. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations as to the Name of the Creditor to Whom the Debt is Owed

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

40. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

COMPLAINT
No::

BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Our File No.: 109537

41. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

42. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

43. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

44. The least sophisticated consumer would likely be deceived by Defendant's conduct.

45. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

46. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
### Violation of New York General Business Law § 349

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

48. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

49. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

50. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

51. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

52. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

53. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

54. Plaintiff is a reasonable consumer.

55. Defendant's conduct would mislead a reasonable consumer.

56. Defendant engaged in a material deceptive act or practice as described herein.

57. Defendant's conduct caused plaintiff to suffer injury.

5

COMPLAINT
No::

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Our File No.: 109537

58. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

59. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a.    Statutory damages against Defendant pursuant to 15 U.S.C. § 1692k of $1,000.00; and

    b.    Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c.    Plaintiff's actual damages; and

    d.    Damages against Defendant pursuant to NYGBL § 349; and

    e.    Plaintiff's costs; together with

    f.    Such other relief that the Court determines is just and proper.

DATED: August 26, 2015

**BARSHAY SANDERS PLLC**

By: _/s/ Craig B. Sanders_____
Craig B. Sanders, Esq. [CS4163]
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109537

COMPLAINT
No::

BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Our File No.: 109537